**Sylvia KEBERLE, et al., Plaintiffs,**

v.

**Warren W. TYLER, et al., Defendants.**

**No. C84–336.**

United States District Court,
N.D. Ohio, E.D.

Dec. 17, 1987.

James B. Davis, Cleveland, Ohio, for plaintiffs.

Rita Eppler, Kathleen McManus, Asst. Attys. Gen., Columbus, Ohio, for defendants.

## ORDER

BATTISTI, Chief Judge.

The instant action was brought by fourteen named Plaintiffs against numerous individuals associated with the State of Ohio for civil rights violations pursuant to 42 U.S.C. § 1983. Specifically, Plaintiff alleges that Defendants engaged, under color of law, to systematically abolish their tenured positions with the Department of Transportation. Plaintiffs pursued administrative proceedings to remedy their dismissals and were successful on appeals from these determinations taken to the state court system.

Presently before this Court is Defendants' motion to dismiss, presented pursuant to the Order of September 23, 1986 which invited the parties to present cogent arguments on the outstanding issues in the case. This invitation sought to generate legal analysis on two issues: first, the alleged deprivation of Plaintiff's First Amendment rights which give rise to a § 1983 claim and, second, the possible res judicata preclusion of the instant action. This request sought argument by litigants interested in presenting their case in its best posture, rather than attacks at and responses to the propriety of Defendants' filing another dispositive motion. Upon receipt of the instant motion, and responses, the Court became painfully aware that this foray had not illuminated an easy resolution to the matter. Plaintiff had not established, to this Court's satisfaction, deprivation of a Constitutionally protected right. Equally, Defendant failed to convince the Court that res judicata and claim preclusion barred Plaintiff's action.

Delays are often attendant when a court is required to fashion progress in the law.

---

Occasionally, however, this enables the district court to utilize new law to resolve the matter. Recent legal development is particularly helpful to this Court, while ruling on dispositive motions, when it is set down by the Supreme Court or the Sixth Circuit Court of Appeals.

Of the several issues argued in briefs submitted by both parties, one is of primary importance. The res judicata effect of Plaintiff's previous litigation of this cause of action in administrative and state court tribunals determines the disposition of this matter. Although the law as originally argued by the parties appeared unsettled, a most recent and timely case, *Campbell v. City of Allen Park*, 829 F.2d 576 (6th Cir.1987) speaks directly to the preclusive effect of prior administrative and state action, on a subsequent § 1983 claim. Since the law now makes evident that preclusive effect attaches to claims successfully litigated in administrative state proceedings, *id.*, Defendants' Motion for Summary Judgment must be granted.

Recognizedly, Plaintiffs have engaged in a long and at times arduous series of actions to remedy their discharge. Plaintiffs pursued proper procedures for appealing their dismissals from work and, as of recent, all were successful—receiving reinstatement and back pay. Plaintiffs chose to pursue their cause of action in other tribunals, and not to raise the constitutional violations which provide the foundation for a § 1983 claim. They were successful on the issues presented. These former actions, however, serve to preclude relitigation of the same cause of action and thus the instant § 1983 claim.

Accordingly, Defendant's Motion for Summary Judgment is hereby granted.

IT IS SO ORDERED.